LEOPOLD CARLE p. a. *vs.* OSCAR COMEAU.

FEBRUARY 18, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. In the above entitled case the plaintiff, a minor, brought suit by his father as next friend to recover damages for injuries alleged to have been caused by the negligence of the defendant. A jury in the Superior Court returned a verdict for the plaintiff and the case is before us on defendant's exception to refusal of the trial justice to grant a new trial.

Defendant is the owner of a Dodge car which he permitted his brother Armand Comeau, a minor under sixteen years of age, to operate. While driving said car along Gaulin avenue, in the city of Woonsocket, accompanied by two young girls who sat with him on the front seat, he ran into the plaintiff, a minor, a few months over five years of age.

The questions as to whether there was negligence on the part of Armand Comeau and as to whether the plaintiff was guilty of contributory negligence were under proper instructions left for the determination of the jury. The trial justice has approved the verdict and the record discloses no grounds for disturbing the same as being against the weight of the evidence.

The defendant contends that he is not liable for the negligence of his brother under the provisions of Chapter 1040, Public Laws 1927, which makes the operator of an automobile in case of accident the agent of the owner, if the former is operating the machine with the latter's consent, because he asserts his consent was given on condition that his brother procure a licensed driver to accompany him.

The defendant testified that the consent given his brother to operate the car was on condition that a licensed driver accompany him and in this he is corroborated by his brother. The owner and the operator of a car which has been involved in an accident are interested witnesses and we recently held that, if there are circumstances which tend to negative their testimony, the question as to whether the consent was qualified or absolute should be left for the determination of a jury. *Kernan* v. *Webb*, 50 R. I. 394. There are such circumstances in the present case. An investigator of the State Board of Public Roads testified that the defendant stated he had permitted his brother to operate the car in question on several occasions and apparently attempted to justify such action on the ground that his brother was a good driver. In so doing defendant disregarded the law which does not permit a minor under sixteen to operate an

automobile on the public highways. In view of the testimony as to previous consent, the question as to whether the consent on the day of the accident was qualified or absolute was properly submitted to the jury. The trial justice has approved the verdict and it will not be disturbed.

Defendant's exception is overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Rosenfeld & Hagan, C. Bird Keach,* for plaintiff.
*Felix A. Toupin,* for defendant.